**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK CHATMAN<br>2110 Ashwood Avenue<br>Philadelphia, PA 19154<br><br>Plaintiff,<br>v.<br><br>RAS LOGISTICS, INC.<br>7522 Morris Court<br>Allentown, PA 18106<br><br>Defendant. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Derek Chatman (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against RAS Logistics, Inc. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that he was

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff is required to wait 1 full year from the date of dual-filing with the EEOC before bringing claims under the PHRA. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII, Section 1981 and the ADA.

discriminated and retaliated against and unlawfully terminated by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant residents of the Eastern District of Pennsylvania.

5. Plaintiff properly exhausted his administrative remedies to proceed under Title VII and the ADA because he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and has been issued his Notice of Right to Sue.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is a Black (African American) adult individual, with an address as set forth in the caption.

8. RAS Logistics, Inc. is a full service-logistics provider that offers wearhouse and distribution services to customers. Defendant maintains approximately 21 locations within the US., including the location at the address as set forth in the above-caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed by Defendant from on or about January 29, 2018 until his until his unlawful termination (discussed further *infra*) on or about February 17, 2021.

12. At the time of his termination Plaintiff was employed as a Wearhouse and Inventory Manager working out of Defendant's Allentown location. At all relevant times, Plaintiff was primarily supervised by Jeremey Land.

13. Plaintiff was originally hired as a general Wearhouse worker, but progressively moved up within Defendant from Wearhouse Lead to eventually being promoted to Wearhouse/Inventory Manager in approximately February of 2020.

14. Throughout his employment with Defendant, Plaintiff was an outstanding employee who performed his job duties very well and consistently received positive performance evaluations and feedback from Defendant's management.

15. By way of example, Plaintiff received an overall rating of "Exceeds Expectations" on his annual performance evaluation. In 2020, Plaintiff received an overall rating of "Exceeds Every Expectation."

16. Moreover, Plaintiff was very experienced in all areas and functions of Defendant's Allentown location.

17. Plaintiff did not have a disciplinary record with Defendant and had been promoted twice during his tenure.

18. Plaintiff has and continues to suffer from serious health conditions/disabilities, including but not limited Chronic Obstructive Pulmonary Disease (COPD) and other medical conditions/complications.

19. As a result of his aforesaid serious health conditions, Plaintiff suffers from shortness of breath, chest pain, fatigue and dizziness. These symptoms and complications, at times, limit Plaintiff's ability to perform some daily life activities, including but not limited to breathing adequately, lifting, climbing, walking, sleeping and working.

20. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times, including time off from work (discussed *infra*).

21. On or about December 12, 2020, Plaintiff began to experience medical complications while at work and advised his manager, Jeremy Land, that he needed to leave work early.

22. Because Plaintiff continued to suffer from medical complications related to his disabilities, Plaintiff commenced a medical leave of absence on or about December 14, 2020 to treat and care for his health conditions, attend doctors' appointments and to have testing completed.

23. During his approximate five-week medical leave, Plaintiff provided Defendant with periodic updates regarding the status of his aforesaid health conditions, medical notes, and updates regarding his intent to return to work following his medical leave.

24. Additionally, during this medical leave, Plaintiff was tested for COVID-19 and was instructed to quarantine by his physician. As a result of this, Plaintiff was granted two weeks of paid leave under the FFCRA's Emergency Paid Sick Leave Act.

25. In or about early February of 2021, Plaintiff advised Defendant's Human Resource Manager, Sharon Calahan ("Calahan"), that he was released by his doctor to return to work on February 22, 2021. During this discussion it was confirmed that Plaintiff would return to work on February 22, 2021.

26. However, on or about February 17, 2021, just three business days before Plaintiff was scheduled to return to work, Plaintiff received a call from Calahan who inquired at that time whether Plaintiff was still planning to return to work on February 22, 2021. Plaintiff confirmed that he was. In response, Calahan advised Plaintiff that Defendant would have to terminate his employment because Defendant did not have any positions available for him.

27. Plaintiff later learned that Defendant replaced Plaintiff while he was out on his medical leave.

28. Defendant's purported reason for Plaintiff's termination is completely pretextual and discriminatory because (1) Defendant replaced Plaintiff while he was out on an ADA protected

medical leave; (2) Defendant's management never advised Plaintiff that he would be replaced if he did not return by a certain date and had Plaintiff been notified of same, Plaintiff could have consulted with his physician about returning earlier; and (3) there were plenty of open and available positions within Defendant that Plaintiff could have performed and which Plaintiff had performed previously while employed with Defendant. In fact, Defendant was so short-staffed in the Wearhouse that the company was consistently utilizing temporary employees to fill the vacancies. Plaintiff could have performed any available position within the Wearhouse as he was cross trained on all functions and was capable of performing any jobs within the location.

29. Based on the foregoing, Plaintiff believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant' failure to properly accommodate Plaintiff.

30. In addition to discriminating against Plaintiff because of his disabilities and need for accommodations, Plaintiff was also treated disparately from other non-Black employees.

31. For example, shortly before Plaintiff took his brief medical leave, another Caucasian employee, Mike Wehrberger, was terminated for bringing firearms into Defendant's workplace. However, despite this very serious infraction and potential safety threat that this employee posed, Wehrberger was rehired while Plaintiff was out on medical leave.

32. As a result, Plaintiff believes that Defendant discriminated against him because of his race as other Caucasian employees within Defendant were treated more favorably than Plaintiff.

**COUNT I**
**Violation of the Americans with Disabilities Act (ADA)**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, including but not limited to, breathing adequately, lifting, climbing, walking and working (among other daily life activities).

35. Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

36. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

37. Plaintiff requested reasonable accommodations from Defendant, including but not limited to block leave to for doctors' visits, testing and to care for his aforesaid health conditions.

38. Plaintiff was abruptly terminated from his employment with Defendant in close proximity to his requests for/utilization of reasonable accommodations, i.e. block medical leave, shortly after after informing Defendant that he was released by his doctor to return to work full-duty and just three business days before he was scheduled to return.

39. Prior to abruptly terminating Plaintiff, Defendant failed to accommodate Plaintiff under the ADA by failing to reinstate him to the same or similar position upon his return from medical leave and/or hold his position open during his approximate five-week medical leave of absence.

40. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant' failure to properly accommodate him.

41. These actions aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")**
**(Wrongful Termination/Retaliation)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

44. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

45. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id.* at § 5110(2)(B)(aa).

46. Plaintiff was an eligible employee as he was unable to work because he was advised by his health care provider to self-quarantine for a COVID-19 related reason.

47. Plaintiff was eligible for and received paid sick leave for a two-week period beginning in December of 2020.

48. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

49. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

50. Plaintiff believes that Defendant terminated him in retaliation for his request for and utilization of emergency paid sick leave pursuant to the FFCRA/FLSA.

51. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**COUNT III**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination)**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate treatment because of his race.

54. Plaintiff was ultimately terminated on or about February 17, 2021, for completely pretextual reasons.

55. Following Plaintiff's termination, his duties were given to a Caucasian employee with no prior experience with Defendant.

56. Moreover, Defendant claimed that there were no available positions for Plaintiff to return, however Defendant rehired a Caucasian employee during that same time period who was previously terminated for serious safety infractions, including bringing firearms into Defendant's workplace.

57. These actions as aforesaid constitute unlawful discrimination and a hostile work environment under Section 1981.

**COUNT IV**
**Violations Title VII of the Civil Rights Act of 1964**
**(Race Discrimination)**

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate treatment because of his race.

60. Plaintiff was ultimately terminated on or about February 17, 2021, for completely pretextual reasons.

61. Following Plaintiff's termination, his duties were given to a Caucasian employee with no prior experience with Defendant.

62. Moreover, Defendant claimed that there were no available positions for Plaintiff to return, however Defendant rehired a Caucasian employee during that same time period who was previously terminated for serious safety infractions, including bringing firearms into Defendant's workplace.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 30, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Derek Chatman | : | CIVIL ACTION |
| v. | : | |
| RAS Logistics, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/30/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2110 Ashwood Avenue, Philadelphia, PA 19154

Address of Defendant: 7522 Morris Court, Allentown, PA 18106

Place of Accident, Incident or Transaction: Defendant's place of business

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/30/2021 ______________ ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______________

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/30/2021 ______________ ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHATMAN, DEREK

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

RAS LOGISTICS, INC.

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADA (42USC12101); FFCRA (Pub. L. No. 116-127, 134 Stat. 178 (2020)); FLSA (29USC201) Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, FFCRA, FLSA, Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 9/30/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print | Save As... | Reset